***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter. The parties are subject to the Act; the deceased was an employee of the defendants and Zurich American Insurance Company insured this matter.
2. On March 4, 2004, in Moore County at or about 10:21 a.m., the deceased, Danny Jennings, was employed by the defendants and was operating a motor vehicle in the course of his employment when the motor vehicle ran off the road causing him fatal injuries. Danny Jennings died on March 4, 2004.
3. The average weekly wage is eight hundred eighty-six dollars and fifty cents ($886.50) with a compensation rate of five hundred ninety-one dollars ($591.00).
4. All parties have been correctly designated and there is no question as to misjoinder or non-joinder of parties.
5. In addition, the parties stipulated into evidence a packet of documents which included discovery responses, Industrial Commission forms, pay records, accident report, autopsy report, death certificate, marriage certificate, divorce order and birth certificates.
6. The Pre-Trial Agreement dated December 8, 2004 was also entered into evidence by stipulation of the parties.
 *********** ORDER
IT IS HEREBY ORDERED that the "Consent to Legal Fees" document signed by Paquita Lanaux-Jennings on July 14, 2005 is admitted into evidence as Exhibit Page 58.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 4, 2004 decedent was employed by defendant-employer as a truck driver. He was involved in a one-vehicle accident on that date when the truck he was driving in North Carolina for defendant-employer ran off of the road into an embankment, causing a fatal injury. Defendants admitted liability under the Workers' Compensation Act for Plaintiff's death on May 5, 2004 after receipt of the autopsy report.
2. At the time of his death, decedent was married to and living with Paquita Lanaux-Jennings. They had married on December 3, 2003. Decedent had previously been married to Deborah H. Jennings and they had one child, Cherish Darlene Jennings, born May 2, 1987. The first marriage ended in divorce by Order filed April 26, 1999. Cherish lived with decedent after the divorce. Her mother was ordered to pay some child support to decedent pursuant to the divorce decree, but the record did not disclose whether payments were made as ordered.
3. In addition to Paquita Lanaux-Jennings and Cherish Jennings, Ms. Lanaux-Jenning's son, Ryan Omar Lanaux, also lived with decedent prior to decedent's death. Ryan had been born April 9, 1989. His father was never married to Ms. Lanaux and did not provide any financial support for Ryan after his birth. In fact, as of the date of hearing, Ryan had never met his natural father. However, decedent assumed an active paternal role as Ryan's stepfather. Decedent provided for the household expenses, such as rent, power, telephone and cable utilities, food and clothing. He also gave Ryan an allowance, bought the equipment Ryan needed in order to wrestle and attended Ryan's wrestling matches.
4. Ms. Lanaux-Jennings did not work outside of the home during her marriage to decedent. Neither she nor Ryan had other sources of support besides decedent's earnings, except that Ryan did have health insurance coverage through Medicaid. Consequently, Ryan was substantially dependent upon decedent for support.
5. There were no other persons besides Paquita Lanaux-Jennings, Cherish Jennings and Ryan Lanaux who were dependent upon decedent for support at the time of his death.
6. The fee-agreement between Paquita Lanaux-Jennings and Attorney Mac Hunter is reasonable. Ms. Jennings signed a document on July 14, 2005 requesting that the Industrial Commission award Atty. C. Mac Hunter attorney fees according to their contract.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. On March 4, 2004 decedent sustained an injury by accident arising out of and in the course of his employment with defendant-employer which resulted in his death. N.C. Gen. Stat. § 97-2(6).
2. As the widow and natural child, Paquita Lanaux-Jennings and Cherish D. Jennings are conclusively presumed to have been wholly dependent upon decedent for support. N.C. Gen. Stat. § 97-39.
3. Ryan Lanaux, decedent's stepchild, also qualified as a child in that he was substantially dependent upon decedent for support for at least three months prior to the date of the accident giving rise to this claim. Consequently, he was also a whole dependent. N.C. Gen. Stat. §§ 97-2(12); 97-39.
4. Decedent's widow, Paquita Lanaux-Jennings, his minor daughter, Cherish D. Jennings, and his minor stepson, Ryan O. Lanaux, are the only persons entitled to receive compensation for his death. N.C. Gen. Stat. §§ 97-2(12); 97-38; 97-39.
5. Paquita Lanaux-Jennings, Cherish D. Jennings and Ryan O. Lanaux are each entitled to receive compensation at the rate of $197.00 per week for 400 weeks beginning March 5, 2004. N.C. Gen. Stat. § 97-38.
6. Plaintiffs are entitled to have defendants provide all medical compensation arising from this injury by accident. N.C. Gen. Stat. §§ 97-2(19); 97-25.
7. Even though this is a claim for death benefits for which compensability was ultimately admitted, Atty. Hunter expended considerable time representing his client on disputed issues which could have resulted in no award. Attorney Hunter should be paid according to the terms of his contract which is found to be reasonable.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendants shall pay compensation to Paquita Lanaux-Jennings, Cherish D. Jennings and Ryan O. Lanaux at the rate of $197.00 per week each, for 400 weeks beginning March 5, 2004. Compensation due to Ryan O. Lanaux may be paid to the widow for his use and benefit until he becomes 18 years of age. Compensation due to Cherish D. Jennings shall be paid to the Clerk of Superior Court of either Wake or Cumberland County, or to a suitable person appointed by the Clerk of Court, for the use and benefit of the minor child until she attains the age of 18. That portion of this compensation which has accrued shall be paid in a lump sum. This compensation is subject to the attorney's and guardian ad litem fees hereinafter approved.
2. Defendants shall pay all medical expenses incurred by decedent as a result of this injury by accident.
3. Defendants shall pay burial expenses in the amount of $3,500 to the person or persons entitled thereto.
4. An attorney's fee in the amount of 25% of the award payable to Paquita Lanaux-Jennings and Ryan O. Lanaux is approved for Attorney C. Mac Hunter. The fee shall be paid equally by Paquita Lanaux-Jennings and Ryan O. Lanaux. Defendants shall deduct 25% of the accrued compensation due Paquita Lanaux-Jennings and Ryan O. Lanaux and pay said amount directly to Attorney Hunter. Thereafter, defendant shall pay every fourth check of the ongoing compensation due Paquita Lanaux-Jennings and Ryan O. Lanaux directly to Attorney Hunter.
5. A guardian ad litem fee in the amount of $1,660.00 is approved for John A. Hedrick, guardian ad litem. Defendants shall deduct the fee from the accrued compensation owed to Cherish D. Jennings and shall pay it Mr. Hedrick directly.
6. Defendants shall pay the costs.
This the ___ day of August 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER